# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA NGUYEN and HOAN NGUYEN, individually and on behalf of a class of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 11-cv-2612 |
| SOUTH CENTRAL BANK, N.A., | ) ) | |
| Defendant/Third Party Plaintiff, | ) ) | |
| v. | ) ) ) | Magistrate Judge Denlow |
| STAR PROCESSING, INC., | ) ) | (consent filed) |
| Third Party Defendant. | ) ) | |
| ANGELA JONES, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 11-cv-4389 (reassigned as related to 11-cv-2612) |
| v. | ) ) ) | |
| SOUTH CENTRAL BANK, N.A., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY**
**APPROVAL OF A CLASS ACTION SETTLEMENT**

Plaintiffs Cynthia Nguyen, Hoan Nguyen, and Angela Jones hereby move this Court for an order: (1) certifying the proposed Settlement Class for settlement purposes only; (2) preliminarily approving all terms and conditions of the proposed Class Action Settlement Agreement and Release (the "Settlement Agreement"); (3) directing Notice to the Class

Members; and (4) setting dates for submitting claims, exclusions ("Opt-Outs"), objections and a Final Approval Hearing. In support of this motion, Plaintiffs state as follows:

1. Counsel for Plaintiffs and Defendants have reviewed and analyzed the legal and factual issues presented in this case and the risks and expenses likely associated with litigating this case to conclusion.

2. With the assistance of this Court and after numerous arms-length settlement negotiations, the parties and their respective counsel negotiated and executed a comprehensive Settlement Agreement (Exhibit 1 hereto), which proposes to settle these related cases on a class-wide basis.

3. The parties have stipulated to certification of the following Settlement Class for settlement purposes only:

> All persons who, from April 19, 2010 through and including June 28, 2011, were charged a transaction fee for the use of the South Central Bank ATMs at the following locations: 525 West Roosevelt Rd., Chicago, IL 60607; 160 N. Morgan St., Chicago, IL 60607; 808 W. 35th St., Chicago, IL 60609; 3032 S. Halsted St., Chicago, IL 60608; and 2335 S. Wentworth Ave., Chicago, IL 60616.

4. Pursuant to the Settlement Agreement, and based upon the Defendants' representations that there were approximately 12,000 surcharged transactions within the Class Definition, the parties have agreed, *inter alia*, that South Central Bank shall establish a Settlement Fund of $150,000.00. The Settlement Fund shall be disbursed as follows, pursuant to Section 2.2 of the Settlement Agreement:

    (a) <u>Payment to Class Representatives</u>. The Class Representatives shall receive $1,500.00 each for their individual claims and as an incentive award for their services as Class Representatives.

    (b) <u>Payment of Notice/Administration Costs</u>. Costs of Class Notice and Administration, except cost of Posted Notice (which shall be separately borne by South Central Bank), in an amount not to exceed

$15,000.00, shall be paid from the Settlement Fund at the time such expenses are incurred.

(c) <u>Attorneys' Fees and Costs</u>. Plaintiffs' Counsel shall receive no more than $50,000.00 (1/3) of the Settlement Fund in full satisfaction of all reasonable attorneys' fees associated with the filing of this lawsuit. Plaintiffs' counsel will petition separately for out-of-pocket costs, which are not expected to exceed $1,000. These payments are subject to Court approval and Defendants agree not to object to the Court awarding these amounts

(d) <u>Class Recovery</u>. The amount remaining in the Settlement Fund after deducting the amounts set forth in paragraphs (a) - (c) above shall be divided *pro rata* among Participating Claimants; provided, however, that no Class Member shall receive payment from the Settlement Fund in an amount exceeding $1,000.00.

(e) <u>Cy Pres</u>. Monies remaining in the Settlement Fund, if any, after payments are made pursuant to paragraphs (a)-(d) above, shall be paid as a *cy pres* award to Chicago Volunteer Legal Services Foundation.

5. The parties have agreed on the forms of Class Notice to be given to Class Members, pursuant to Section 2.5 of the Settlement Agreement: publication notice once in the Chicago Sun-Times and once in the Chicago Reader (<u>Exhibit B</u> to the Settlement Agreement), posted notice on the ATMs at Issue (<u>Exhibit C</u> to the Settlement Agreement), and website notice (<u>Exhibit D</u> to the Settlement Agreement). This proposed notice plan has been previously approved as fair and reasonable by numerous courts in this district, including but not limited to the following: *Flores v. Diamond Bank*, No. 07 C 6403 [DE 101]; *Boecherer v. Burling Bank*, No. 08 C 1332 [DE 128]; *Ochart v. Broadway Bank*, No. 08 C 4893 [DE 44]; *Escalante v. Lincoln Park Savings Bank*, No. 08 C 6152 [DE 25]; *Siragusa v. North Community Bank*, No. 09 C 2687 [DE 35].

6. Plaintiffs submit that the proposed forms of Class Notice meet the requirements of Rule 23. Rule 23(c)(2)(B) states, "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including

individual notice to all members who can be identified through reasonable effort." Newspaper publication notice (covering the areas in which the ATMs are located), posted notice, and website notice, as set forth in Section 2.5 of the Settlement Agreement, is the best Class Notice practicable under the circumstances. The parties' proposed forms of Class Notice are reasonable given that: (a) publication notice is being specifically targeted to the paper circulated in the ATMs' vicinity; (b) a detailed notice which includes the full Settlement Agreement, the complaint and other court documents is being published on the Internet; and (c) notice is also being posted on the very ATMs that are the subject of this litigation.

7. Rule 23(e)(1) requires that, in class settlements, notice be given "in a reasonable manner to all class members who would be bound by the proposal." The parties have agreed that direct mail notice is impractical in this case, because: (a) it is cost-prohibitive; and (b) it would require issuing subpoenas (and likely seeking compulsion orders) in many jurisdictions around the country to obtain the identity of class members from potentially hundreds of financial institutions that issued credit/debit cards to class members. Here, logs were maintained for the ATM transactions at issue in this case but they do not identify the class members' names, addresses or provide any other contact information. Testimony obtained from banking personnel in other EFTA class actions has confirmed that typical ATM transaction logs identify the class members' ATM card transactions by a PAN, or "primary account number." Certain digits of the PAN correspond to the particular financial institution issuing the bank card while other digits of the PAN uniquely identify the class member. The digits corresponding to the financial institutions are called a BIN or "bank identification number." *See*, *e.g*., Affidavits of Eduardo Monteagudo, attached as Exhibit 2 hereto. With the PAN, while it is theoretically possible to locate many of the class members, it is under the circumstances of this particular case

4

impracticable. One method would be to obtain the name of the financial institution which corresponds to the bank identification number contained in the PAN.[1] Assuming the financial institution corresponding to the BIN could be located, Plaintiffs would still need to issue subpoenas to each of the dozens of corresponding banks. Plaintiffs would then have to request from each of these banks the account holder information (name, address and other contact information) corresponding to the PAN numbers derived for the more than 12,000 transactions. From this point, Plaintiffs could create a database of the class members' addresses. From the database, notice could then be sent to the addresses via first class mail. Thus, while theoretically possible, under the circumstances, the above-described method is not the best practicable means of sending notice, given that this laborious process is not guaranteed to produce successful results.

8. The additional issues with individual notice will be set forth in the affidavit of South Central Bank representative Charles Rudy, to be filed under separate cover.

9. Therefore, newspaper publication notice (covering the areas in which the ATMs are located), posted notice, and website notice is the best notice practicable under the circumstances. Individual notice by mail is required where the class member's address is known or is available through reasonable effort. *See*, *e.g.*, *In Re General Electric Capital Corp.*, MDL 1192, No. 97 CV 3065, No. 97 CV 9005, 2000 U.S. Dist. LEXIS 4808, *16-17 (N.D. Ill. March 9, 2000). It is respectfully submitted that, due to the third parties that would be required to even identify the banks who issued the ATM cards used, such a process exceeds the reasonable effort

---

[1] In the case of *Burns v. First American Bank*, Eduardo Monteagudo, Vice President of First American Bank, swore under oath that no single comprehensive source of bank identification numbers exists in the financial institutions industry. *See* Affidavits of Eduardo Monteagudo, attached as <u>Exhibit 2</u>.

required under the Rule. In other words, the notice plan proposed here constitutes the "best notice practicable under the circumstances" of this case. Fed. R. Civ. P. 23(c)(1)(B).

      10.     In addition to the agreed upon forms of notice, the parties have also agreed on a form of a proposed Preliminary Approval Order (<u>Exhibit E</u> to the Settlement Agreement) and a proposed Final Approval Order (<u>Exhibit F</u> to the Settlement Agreement).

      WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court enter an order: (1) certifying the proposed Settlement Class for settlement purposes only; (2) preliminarily approving all terms and conditions of the proposed Class Action Settlement Agreement and Release; (3) directing Class Notice to the Class Members; and (4) setting dates for submitting claims, exclusions, objections and a Final Approval Hearing.

                                            Respectfully submitted,

                                            Counsel for Plaintiffs:

                                            **/s/** <u>Kenneth M. DucDuong</u>
                                            KMD Law Office
                                            35 E. Wacker Dr., 9th Floor
                                            Chicago, IL 60601

                                            <u>/s/ Alexander H. Burke</u>
                                            Burke Law Offices, LLC
                                            155 N. Michigan Ave., Suite 9020
                                            Chicago, IL 60601

                                            <u>/s/ Stacy M. Bardo</u>
                                            The Consumer Advocacy Center, P.C.
                                            180 W. Washington St., Ste. 700
                                            Chicago, Illinois 60602